10-2799-ag
Wang v. Holder

BIA
A079 433 133

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of August, two thousand eleven.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————————————

SIYUAN WANG,
> *Petitioner,*

> v.                                                    10-2799-ag
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————————

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Varuni Nelson, Scott Dunn, Margaret M. Kolbe, Assistant United States Attorneys; Dione M. Enea, Special Assistant United States Attorney, Of Counsel; Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Siyuan Wang, a native and citizen of the People's Republic of China, seeks review of the BIA's June 17, 2010, decision denying his motion to reopen. *In re Siyuan Wang*, No. A079 433 133 (B.I.A. June 17, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Wang's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Wang's 2010 motion was untimely, as the final administrative decision was issued in 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Our review of the record reveals no circumstances that would constitute an exception to the deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3);

*Rabiu v. INS*, 41 F.3d 879, 881-82 (2d Cir. 1994). Accordingly, we conclude that the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely.

In addition to the statutory requirement that a petitioner must exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he later raises in this Court. "Since removal may be improper for any number of reasons, the mere statement that one is not removable does not serve to raise a specific issue to the IJ. To preserve a claim, we require petitioner to raise issues to the BIA in order to preserve them for judicial review.'" *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (internal quotation marks and brackets omitted). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Wang contends that he did not knowingly and voluntarily waive his rights over eight years ago when he entered the United States. Because Wang failed to raise the issue before the agency, and because the government has raised this failure to exhaust, we decline to consider the issue. *See id*. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk